# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

TIMOTHY A. SHIMKO, SR.; SHIMKO
& PISCITELLI,

   *Plaintiffs-Appellees,*

v.

MILTON GUENTHER; KATHI
GUENTHER,

   *Defendants-Appellants.*

No. 05-16847

D.C. No.
CV-04-00078-FJM

OPINION

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted September 4, 2007*
San Francisco, California

Filed October 12, 2007

Before: Jay S. Bybee and Milan D. Smith, Jr.,
Circuit Judges, and J. Michael Seabright,** District Judge.

Opinion by Judge Milan D. Smith, Jr.

---

 *The panel finds this case appropriate for submission without oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(2).

 **The Honorable J. Michael Seabright, United States District Judge for the District of Hawaii, sitting by designation.

## COUNSEL

Richard J. McDaniel, Phoenix, Arizona, for the defendants-appellants.

Timothy A. Shimko, Timothy A. Shimko & Associates, Cleveland, Ohio, for the plaintiffs-appellees.

## OPINION

MILAN D. SMITH, JR., Circuit Judge:

Appellants Milton and Kathi Guenther (collectively, "the Guenthers"), appeal a judgment awarding $359,668.00 in attorneys' fees to Appellees Timothy Shimko, and his law firm, Shimko & Piscitelli (the law firm and its partners collectively, "Shimko") in payment for certain legal services allegedly provided to Arizona limited partnerships, Comprehensive Outpatient Rehabilitation Facility ("CORF") Licensing Services, L.P., and CORF Management Services, L.P. (collectively, "CORF entities"), and their limited partners. The organic documents of both the CORF entities list Milton Guenther (individually, "Guenther") as a limited partner, not as a general partner.

On appeal, Shimko argues that it reasonably believed Guenther to be a general, rather than a limited partner, and that, as a result, the Guenthers are liable for the legal fees of the CORF entities under Arizona Revised Statutes ("A.R.S.") § 29-319. We disagree. Shimko is not an ordinary creditor.

Shimko is a law firm hired to defend the CORF entities and its limited partners against a significant number of multi-million dollar claims filed across the country, primarily alleging fraud. We hold that because Shimko owed a fiduciary duty of care to its clients, it is chargeable under the facts of this case with knowledge of the contents of the CORF entities' organic documents, whether or not it actually examined them, and, consequently, that it was not reasonable for Shimko to believe that Guenther was a general partner of either of the CORF entities. Accordingly, Shimko may not recover from the Guenthers the legal fees owed by the CORF entities to Shimko.

We reverse in part, affirm in part, and remand for further proceedings on the Guenthers' liability for legal fees incurred as a result of Shimko's representation of the Guenthers personally.

## I.   Background and Prior Proceedings

Richard Ross, David Goldfarb, Paul Woodcock, and Guenther (collectively, "Defendants") were limited partners of the CORF entities.[1] The CORF entities offered clients consulting and management services to help them establish and operate Medicare-compliant outpatient treatment facilities. Upon commencement of the CORF entities' operations, Guenther was in charge of field operations, actively lectured at CORF marketing seminars, and helped find locations and medical directors for CORF clients.

---

[1]The defendants named in Shimko's complaint also included Joel Brill and Fred Ritchie, officers of the CORF entities, and each defendant's spouse. Brill and Ritchie stipulated to a dismissal of Shimko's complaint and appeal. The district court dismissed the suit as to all spouses except the spouses of Woodcock and Guenther because Arizona is a community property state where the community may be held liable for the debts of a partnership in which one spouse participated.

During the period from late 2001 to 2003, a number of the CORF entities' clients located in various parts of the country threatened to file or did file complaints against the CORF entities, as well as against the Defendants in their individual capacities, alleging fraud and other causes of action.

According to Shimko's Response Brief filed in this case, "Shimko was asked to advise Dr. Guenther and the other owners on the extent of their individual and personal exposure, if any, beyond the protection offered to them by the limited partnership structure under which they owned and operated [the CORF entities]." Although the district found otherwise, Shimko claims it did not represent the CORF entities and billed them only because it was requested to do so by the Defendants. Neither the CORF entities nor the Defendants paid Shimko for its services during the period from October 2002 to April 2003. In April 2003, Shimko stopped representing the CORF entities and the Defendants, and shortly thereafter, it filed suit in district court,[2] alleging "action on an account, breach of contract, passing bad checks, and quantum meruit and fraud" and seeking payment of legal fees in the sum of $359,668.00.

Shimko filed a motion for summary judgment against all Defendants. Ross and Goldfarb filed a joint cross-motion for summary judgment. The Guenthers did not file a response to Shimko's motion for summary judgment.

The district court partially granted Ross and Goldfarbs' cross-motion for summary judgment, and dismissed them from the suit.[3] Shimko's claims for passing bad checks and

---

[2]The complaint was originally filed in the Northern District of Ohio. Venue was first transferred to Tucson and then to Phoenix, both in the District of Arizona.

[3]Shimko appealed to this court the district court's grant of summary judgment in favor of Ross and Goldfarb. We issued a memorandum disposition in *Shimko v. Goldfarb*, No. 05-15009, on August 31, 2007, remanding the case to the district court for further proceedings.

fraud were also dismissed. Woodcock filed for bankruptcy, staying the suit as to him. Shimko's remaining claims against the Guenthers for breach of contract, action on account, and quantum meruit then proceeded to trial. Following a one day bench trial, the district court held that Guenther, as a limited partner in control, and his spouse, were liable for the entirety of Shimko's unpaid attorneys' fees.

In its Findings and Conclusions, the district court found that Shimko was retained to represent the CORF entities as well as its individual principals. It found that the Guenthers were personally represented by Shimko, that they personally agreed to this representation, and that they were liable for legal services performed for them personally. The district court also found that Guenther participated in the control of the CORF entities as a general partner, along with his colleagues, and that due to his substantial involvement in the operations of the CORF entities, "it was reasonable for Shimko to believe that he was dealing with a general partner." The court then found in favor of Shimko on the action on account and contract causes of action and found the Guenthers liable for all unpaid legal fees charged to the CORF entities, mooting the claim for unjust enrichment.

Though the court ultimately ruled only on the action on account and contract causes of action, it commented that had it ruled on the unjust enrichment claim, it would have found in favor of Shimko because the Guenthers benefitted from Shimko's legal services. However, it noted that the contract damages would have been reduced "since the representation of Guenther was only a part of the scope of the services rendered." Had it ruled solely based upon unjust enrichment, it would have reduced "damages by an allocation of work simply to Guenther, and we would reduce the fee from the contracted amount of $350.00 an hour to a lesser, more reasonable amount."

The Guenthers filed a motion for reconsideration and/or a new trial, which the district court denied. The Guenthers now

appeal both the judgment and the denial of their post-trial motion.

## II.  Standard of Review and Jurisdiction

On appeal following a bench trial, the district court's findings of fact "shall not be set aside unless clearly erroneous . . . ." Fed. R. Civ. P. 52(a). "The clear error standard also 'applies to the results of "essentially factual" inquiries applying the law to the facts.' " *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) (citing *Saltarelli v. Bob Baker Group Med. Trust*, 35 F.3d 382, 384 (9th Cir. 1994)). The district court's conclusions of law are reviewed de novo. *Id.* (citing *Saltarelli*, 35 F.3d at 385).

A district court's denial of a motion for reconsideration and for a new trial is reviewed for abuse of discretion. *Dorn v. Burlington N. Santa Fe R.R. Co.*, 397 F.3d 1183, 1189 (9th Cir. 2005) (citing *Jorgensen v. Cassiday*, 320 F.3d 906, 918 (9th Cir. 2003)).

We have jurisdiction under 28 U.S.C. § 1291.

## III.  Discussion

A.  *Arizona Revised Statutes § 29-319*

A.R.S. § 29-319(A) states, in pertinent part:

[A] limited partner is not liable for the obligations of a limited partnership unless he is also a general partner or, in addition to the exercise of his rights and powers as a limited partner, he participates in the control of the business. However, if the limited partner participates in the control of the business, he is liable only to persons who transact business with the limited partnership reasonably believing, based on

> the limited partner's conduct, that the limited partner is a general partner.

**[1]** Thus, a limited partner may be held liable to a third party for the debts of the partnership if the limited partner is either a general partner or a participant in the control of the business and the third party reasonably believes that the limited partner is a general partner. A.R.S. § 29-301(5) defines a general partner as "a person who has been admitted to a limited partnership as a general partner in accordance with the partnership agreement and named in the certificate of limited partnership as a general partner." Guenther was not a general partner, as defined by A.R.S. § 29-301(5), of either CORF entity. The district court found, however, that Guenther participated in the control of the business. We review this factual finding for clear error, and we find none.

**[2]** This determination, however, does not complete our inquiry. Guenther can only be held liable as a general partner to persons who "transact business with the limited partnership reasonably believing, based on the limited partner's conduct, that the limited partner *is* a general partner." A.R.S. § 29-319(A) (emphasis added). This statute, derived from § 303 of the Revised Uniform Limited Partnership Act ("RULPA"), is related to the same legal principle as the agency concept of apparent authority. *See, e.g.*, Restatement (Third) of Agency §§ 2.03, 3.03. Someone who actually knows (or should know, by virtue of the nature of his relationship with the person) that a person is not a general partner cannot transmute that person into a general partner of the limited partnership based upon that person's conduct. Both the evolution of A.R.S. § 29-319 and § 303 of the RULPA (amended 1985) on which it is based support this reading of the statute. The original version of A.R.S. § 29-319 was almost identical to the 1976 version of RULPA § 303(a). *Gateway Potato Sales v. G.B. Inv. Co.*, 822 P.2d 490, 496 (Ariz. App. 1991). In 1982, the second sentence of A.R.S. § 29-319(a) provided:

> However, if the limited partner's participation in the control of the business is not substantially the same as the exercise of the powers of a general partner, he is liable only to persons who transact business with the limited partnership with actual knowledge of his participation in control.

Thus, under the 1982 statute, if a limited partner exercised substantially the same powers as a general partner, he could be liable as a general partner. *See Gateway Potato Sales*, 822 P.2d at 497.

**[3]** Following *Gateway Potato Sales*, however, the Arizona legislature amended A.R.S. § 29-319(A) to conform with the 1985 version of § 303(a) of RULPA. The current version substantially changed the second sentence of the former statute. The drafters of RULPA explained:

> [The 1985 version of § 303] was adopted partly because of the difficulty of determining when the "control" line has been overstepped, but also (and more importantly) because of the determination that it is not sound public policy to hold a limited partner who is not also a general partner liable for the obligations of the partnership except to persons who have done business with the limited partnership reasonably believing, based on the limited partner's conduct, that he is a general partner.

RULPA § 303 cmt. By adopting the language "reasonably believing . . . that the limited partner is a general partner," the drafters restricted the liability of limited partners to third party creditors to situations where the third party was misled about the limited partner's actual status and potential liability.

**[4]** Were a different creditor involved, Guenther's conduct may have been enough to support the conclusion that a third party reasonably believed that he was a general partner of the

CORF entities. Here, however, such a holding would be perverse because Shimko acted as legal counsel to both the CORF entities and the Guenthers, and owed a fiduciary duty of care to each.

Timothy Shimko and other members of his law firm are members of the Ohio State Bar Association, but the record shows that at least Timothy Shimko was also admitted *pro hac vice* in Arizona to defend the CORF entities and the Defendants. According to A.R.S. Rules of the Supreme Court of Arizona, Rule 46(b), by being admitted *pro hac vice*, Timothy Shimko and Shimko agreed to abide by the rules applicable to members of the State Bar of Arizona.

It is well-settled under the rules of both the Arizona and Ohio bars that a lawyer owes his or her client a fiduciary duty. *See, e.g.*, *In re Piatt*, 951 P.2d 889, 891 (Ariz. 1997) ("A lawyer is a fiduciary with a duty of loyalty, care, and obedience to the client."); *Adams v. Fleck*, 154 N.E.2d 794, 799-800 (Ohio Prob. 1958) ("The very existence of the relationship of attorney and client raises a presumption that relations of trust and confidence exist between the parties, and a presumption of invalidity arises where an undue advantage is obtained by an attorney over his client."). The contours of this duty are laid out in the ethical rules governing the State Bar of Arizona and the Ohio State Bar Association, and, particularly relevant here, address competent representation, diligence, and necessary disclosures when conflicts of interest arise. *See, e.g.*, Arizona ER 1.1, 1.3, 1.7; A.R.S. Sup. Ct. R. 46(b); Ohio Rules Prof'l Conduct 1.1, 1.3, 1.7.[4]

---

[4]We note, without deciding, that the relevant state bar rules of ethics may preclude recovery where an attorney fails to adequately disclose a conflict of interest among clients. The record in this case is not clear whether Shimko obtained written waivers of conflict from the Guenthers, the CORF entities and the other Defendants in this case. The district court may wish to take these ethical rules into consideration when determining the recovery to which Shimko is entitled, if any.

**[5]** In this case, Appellees' Response Brief states: "Shimko was asked to advise Dr. Guenther and the other owners on the extent of their individual and personal exposure, if any, beyond the protection offered to them by the limited partnership structure under which they owned and operated [the CORF entities]." One of the first acts of any competent lawyer or law firm hired under those circumstances should have been to review the organic documents of the potentially liable limited partnerships to determine whether all legal formalities had been followed and whether any limited partner, by his previous or current actions, might have exposed himself to liability under A.R.S. § 29-319. Had Shimko examined the CORF entities' organic documents, it would have observed that Guenther was listed as a limited partner, not as a general partner. Although Timothy Shimko claimed at trial that he never examined those documents, Shimko is chargeable with the knowledge of their contents. An attorney or law firm may not breach their fiduciary duty of care to their client and then hide behind their failure to fulfill that duty in order to qualify for a monetary recovery against their former client. Shimko knew (or by discharging the duty of care it owed to Guenther, would have known) that Guenther did not meet the definition of general partner as set forth in A.R.S. § 29-301(5).

**[6]** Because Shimko knew, or should have learned by the discharge of his duty of care to his client, Guenther's actual status as a limited partner, we hold that Shimko could not have reasonably believed that Guenther was a general partner, whatever role Guenther played in the control of the business. We reverse the district court's finding that Guenther is liable as a general partner of either of the CORF entities. Accordingly, Guenther and his spouse are not personally liable for those attorneys' fees properly chargeable to the CORF entities.

B. *Contract and Unjust Enrichment Claims for Personal Liability*

**[7]** Though the Guenthers are not personally liable for the debts of the CORF entities or its other limited partners, they

remain liable (to the degree appropriate under the ethical rules of the Arizona and Ohio bars) for any legal fees properly charged by Shimko to them for legal services performed for them as individuals. The district court noted in its Findings and Conclusions that the Guenthers' liability would be reduced under this theory of liability. We remand the determination of the Guenthers' personal liability to Shimko to the district court for further proceedings consistent with this opinion.

## C. *Motion for Reconsideration and/or New Trial*

In light of our holding, we need not reach the denial of the Guenthers' motion for reconsideration.

**[8]** We find no abuse of discretion by the district court with respect to its denial of the Guenthers' motion for a new trial. "[Federal Rule of Civil Procedure] Rule 59 does not specify the grounds on which a motion for a new trial may be granted," but allows new trials to be granted for historically recognized grounds. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003)). " 'The trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice.' " *Id.* (quoting *Passantino v. Johnson & Johnson Consumer Prods.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000)).

The Guenthers claim that the district court was prejudiced by Shimko's misrepresentation of the past amounts paid to the law firm. However, it is clear that the district court based its judgment on substantial evidence concerning the amount still owed to Shimko by both the CORF entities and the Guenthers.

The district court's denial of the Guenthers' motion for a new trial is affirmed.

## IV.  Conclusion

We reverse the district court's holding that the Guenthers are liable for legal fees owed by the CORF entities. We remand to the district court for further proceedings consistent with this opinion regarding Shimko's claims against the Guenthers for unjust enrichment and quantum meruit. We affirm the district court's denial of the Guenthers' motion for a new trial.

The parties shall each bear their own costs on appeal.

REVERSED in part, REMANDED in part, and AFFIRMED in part.