**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

NATURAL RESOURCES DEFENSE
COUNCIL, INC.; THE INTERNATIONAL
FUND FOR ANIMAL WELFARE;
CETACEAN SOCIETY INTERNATIONAL;
LEAGUE FOR COASTAL PROTECTION;
OCEAN FUTURES SOCIETY; JEAN-
MICHEL COUSTEAU,
             *Plaintiffs-Appellees,*

                    v.

DONALD C. WINTER, Secretary of
the Navy; UNITED STATES
DEPARTMENT OF THE NAVY; CARLOS
M. GUTIERREZ, Secretary of the
Department of Commerce;
NATIONAL MARINE FISHERIES
SERVICES; WILLIAM HOGARTH,
Assistant Administrator for
Fisheries of the National
Oceanographic and Atmospheric
Administration; CONRAD C.
LAUTENBACHER, JR., Administrator
of the National Oceanographic and
Atmospheric Administration,
             *Defendants-Appellants.*

No. 08-55054

D.C. No.
CV-07-00335-FMC
Central District
of California,
Santa Ana

ORDER DENYING
EMERGENCY
MOTION FOR
STAY

Filed February 19, 2008

Before: Betty B. Fletcher, Dorothy W. Nelson and
Stephen Reinhardt, Circuit Judges.

## ORDER

The Navy files an emergency motion for a partial stay of the preliminary injunction imposed by the district court's January 3, 2008 order as amended by its January 10, 2008 order. The motion follows the district court's February 4, 2008 order denying the Navy's application to vacate or partially stay the preliminary injunction and lifting the temporary partial stay imposed by the district court on January 17, 2008. The Navy seeks a stay because its next training exercises to be conducted off the coast of southern California are scheduled to begin in March and it contends that the preliminary injunction prevents it from adequately conducting those exercises.[1]

The Navy's motion for a stay is denied in light of the court's February 8, 2008 *sua sponte* order expediting the appeal of the district court's imposition of a preliminary injunction. The Navy has informed the court that its next exercises are scheduled to begin in early to mid-March.[2] This

---

[1]While initially only one exercise was scheduled to be conducted in March, the Navy now informs the court that "in response to very recent, real world events" a second exercise has been scheduled for the same period in March. The Navy does not elucidate whether the second exercise is one of the originally scheduled fourteen exercises that has been pushed forward or whether it is an additional, fifteenth exercise that the Navy did not take into account in its Environmental Assessment (EA). The court notes that if the exercise is a fifteenth exercise accounted for in neither the Navy's EA nor the Council on Environmental Quality's January 15, 2008 "Emergency Alternative Arrangements," it would seem that conducting the exercise may well violate NEPA. The court further notes that even if the exercise is one of the originally scheduled fourteen exercises, the cumulative effect of conducting two exercises simultaneously may result in a greater impact on the environment than originally estimated by the Navy in its EA.

[2]The Navy refuses to provide the court with the precise start of the exercises on the ground that they are classified. However, while the Navy informed the district court on January 30, 2008, that its next exercise was scheduled to begin "mid-March," it now contends that its next exercises are scheduled for "early to mid-March." Assuming the Navy has been

court's order expediting the appeal required the Navy to file a brief on or before February 15, 2008, requires Appellees to file an answering brief on or before February 22, 2008, and sets oral argument for February 27, 2008. This schedule will allow the court to render its decision well in advance of the commencement of the Navy's exercises. Accordingly, there is no need to grant a stay. The Navy's motion shall be denied without prejudice such that it may be renewed in case the court has not rendered a decision on or before March 3, 2008.

The court is mindful of both the Navy's desire to know as soon as possible whether it may proceed with its exercises so as not to expend resources unnecessarily if the preliminary injunction is upheld as well as the need to allow sufficient time for the parties to seek relief before the Supreme Court. The court is confident that by denying the Navy's motion for stay today and by rendering a decision in the underlying appeal by March 3, 2008, the court provides adequate time to the Navy to avoid unnecessary expenditures and to the parties to seek any necessary relief before the Supreme Court. If the court has not rendered a decision by March 3, 2008, and the Navy renews its motion for a stay, the court will act on the Navy's motion within 24 hours.

The denial of the Navy's motion is further supported by the fact that the court, as it previously determined, finds it desirable to rule directly on the merits of the preliminary injunction instead of first issuing an opinion on the motion for a stay. Because the Navy intends to conduct at least eight more

---

truthful with both the district court and this court, it appears that the Navy may have recently changed the start date of its next exercise (in addition to recently scheduling a second exercise for early to mid-March). The Navy's apparent flexibility with respect to the start dates of its exercises further confirms that, as explained below, the Navy will have sufficient time to take any necessary further action before commencing its next exercise if the court renders a decision on the merits of the underlying appeal on or before March 3, 2008.

training exercises between now and January 2009, it behooves the parties, the district court and this court to have the preliminary injunction reviewed on the merits as soon as possible so that there will be certainty as to the restrictions imposed on the scheduled exercises. Deciding directly the merits of the preliminary injunction will spare the parties, the district court, and this court substantial time, resources and uncertainty.

A direct review on the merits is particularly desirable here because the analysis involved in considering a motion for a stay would be similar to, and therefore largely duplicative of, the analysis involved in a review on the merits of a preliminary injunction. *Compare Golden Gate Restaurant Assoc. v. City and County of San Francisco*, ___ F.3d ___, 2008 WL 90078, *1 (9th Cir. Jan. 9, 2008) (explaining that the factors regulating the issuance of a stay are "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies"), *with Freecycle Network, Inc. v. Oey*, 505 F.3d 989, 902 (9th Cir. 2007) (explaining that a preliminary injunction may be granted if a plaintiff shows "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)"). The court prefers to perform such analysis once and in a manner that will expeditiously and finally resolve all outstanding issues in the proceeding.

For the reasons stated above, the Navy's emergency motion for a partial stay of the preliminary injunction is DENIED without prejudice to renewal if this court's decision is delayed beyond March 3, 2008.

PRINTED FOR
ADMINISTRATIVE OFFICE—U.S. COURTS
BY THOMSON/WEST—SAN FRANCISCO

The summary, which does not constitute a part of the opinion of the court, is copyrighted
© 2008 Thomson/West.