MEMORANDUM *
Appellant Pacific Maritime Association (“PMA”) appeals the district court’s denial of its claim for equitable relief under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), against Appellee Jeannette Coburn, the widow of PMA’s former Chief Financial Officer, Tom McMahon. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
“On appeal following a bench trial, the district court’s findings of fact ‘shall not be set aside unless clearly erroneous....’” Shimko v. Guenther, 505 F.3d 987, 990 (9th Cir.2007) (quoting Fed.R.Civ.P. 52(a)). The district court’s decision to deny equitable relief is reviewed for an abuse of discretion. Appling v. State Farm Mut. Auto. Ins. Co., 340 F.3d 769, 780 (9th Cir.2003).
In appealing the rejection of its unjust enrichment claim against Coburn, PMA challenges the district court’s conclusions that (1) Coburn did not receive a benefit at PMA’s expense, and (2) as between Co- *756 burn and PMA, it was not unjust for Co-burn to retain the benefit.

1. Coburn Did Not Benefit at PMA’s Expense

The district court’s factual finding that the purpose of the Secured Executive Benefit Plan (“SEBP” or “the Plan”) was to ensure substantial retirement income for PMA executives, and that it was never intended or expected that PMA would benefit financially from the Plan, is not clearly erroneous. Testimony at trial confirmed that the SEBP was established to benefit employees, not to provide PMA with key person insurance, and that any interest nominally assigned to PMA was done for tax purposes only. This conclusion finds support in PMA’s decision to eliminate the SEBP upon the IRS’s issuance of guidelines adversely affecting the Plan’s tax treatment. In addition, PMA never discussed or calculated the economic consequences of losing an executive, which would be expected where a company genuinely desires effective key person insurance.
PMA’s decision to relinquish, in one way or another, its interest in every other departing executive’s SEBP further demonstrates an intent to benefit the employees, not the company. PMA’s attempt to distinguish its treatment of other executives by pointing to their relative healthiness is nothing more than a post hoc rationalization: the record indicates that the health of departing executives was never discussed and played no role in PMA’s decision to release its interest.
Finally, PMA’s reliance on what it characterizes as its “contractual rights” to McMahon’s death benefits is unconvincing. First, PMA’s claim against Coburn is for unjust enrichment, not breach of contract. Second, as previously discussed, the record indicates that the intent of the SEBP was to benefit plan participants, not PMA. Third, PMA received exactly what it should have under the amended SEBP. PMA contends that the operative contract is the original, unamended SEBP, yet both the original SEBP and the amended version resulted from breaches of fiduciary duty, and PMA has failed to explain why only the former is valid. PMA may not decry as ultra vires the amendment to the SEBP while simultaneously seeking to reap the benefits of the Plan in its original, equally unauthorized, form. This is particularly so, given PMA’s failure to make an ultra vires argument for any of the other executives who received benefits under the unamended Plan, even though the unamended Plan, under PMA’s argument, was equally ultra vires.
In sum, the district court did not clearly eiT in finding that PMA had no legitimate expectation of benefiting from McMahon’s SEBP, and it consequently did not abuse its discretion in concluding that Coburn did not receive a benefit at PMA’s expense.

2. The Balance of Equities Favors Co-burn

The district court did not abuse its discretion in concluding that, as between Coburn and PMA, it was not unjust for Coburn to retain the benefit. This serves as an independent basis for affirming the district court’s denial of PMA’s unjust enrichment claim.
In balancing the equities, the district court reasonably considered a number of factors. For example, it is undisputed that Coburn did not act improperly in any way: she had no involvement in the creation or amendment of the SEBP and did not misappropriate anything from PMA. In addition, PMA suffered no out-of-pocket financial loss, and in fact received a net gain of $162,000 as a result of McMahon’s death. Nor was PMA wholly without *757 fault: its Board was negligent in failing to question Miniace and McMahon about the SEBP. As discussed above, had PMA treated McMahon like every other departing executive, it would have relinquished its interest in his death benefit. Finally, the balance struck by the district court is in harmony with the overarching purpose of ERISA, which is to benefit plan participants and their beneficiaries, not employers. See Boggs v. Boggs, 520 U.S. 833, 845, 117 S.Ct. 1754, 138 L.Ed.2d 45 (1997). We cannot say that the district eourt abused its discretion in weighing the equities and concluding that it was not unjust for Coburn to retain her late husband’s death benefit.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.