NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 7 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ALAA ELKHARWILY, | No. 17-35009 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-05579-RJB |
| v. | |
| FRANCISCAN HEALTH SYSTEM, a Washington non-profit corporation, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

|  |  |
|---|---|
| ALAA ELKHARWILY, | No. 18-35090 |
| Plaintiff-Appellant, | D.C. No. 3:17-cv-05838-RBL |
| v. | |
| FRANCISCAN HEALTH SYSTEM, a Washington non-profit corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted June 5, 2019[**]

Before:      FARRIS, TROTT, and SILVERMAN, Circuit Judges.

In No. 17-35009 ("Elkharwily I"), Alaa Elkharwily, M.D., appeals the district court's judgment after a jury trial his action against Franciscan Health System ("FHS"), alleging defamation and disability discrimination.  In No. 18-35090 ("Elkharwily II"), Dr. Elkharwily appeals the district court's dismissal of a second action that he brought against FHS.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's judgments in both actions.

## I.      Elkharwily I

The district court properly granted summary judgment on Dr. Elkharwily's defamation claim because he did not establish a genuine issue of material fact as to whether FHS's report to the National Practitioner Data Bank was an unprivileged communication under Washington law.  *See Campidoglio LLC v. Wells Fargo & Co.*, 870 F.3d 963, 973 (9th Cir. 2017) (a grant of summary judgment is reviewed de novo); *McNamara v. Koehler*, 429 P.3d 6, 11 (Wash. Ct. App. 2018) (setting forth elements of defamation). FHS's report was demonstrably a privileged communication.

The district court properly exercised its discretion in denying Dr.

_____

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2

Elkharwily's motion for a new trial on his claim of disability discrimination under the Washington Law Against Discrimination. *See* Fed. R. Civ. P. 59(a)(1)(A); *Flores v. City of Westminster*, 873 F.3d 739, 748 (9th Cir. 2017) (standard of review); *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493, 510 n.15 (9th Cir. 2000) (standard for granting new trial motion). The verdict was not against the clear weight of the evidence because there was evidence in the record from which the jury could have found that Dr. Elkharwily's disability was not a substantial factor in FHS's denial of his application for hospital privileges and whether he could perform the essential functions of the job of a nocturnist. *See See Crowley v. Epicept Corp.*, 883 F.3d 739, 751 (9th Cir. 2018) (explaining that there must be an absence of evidence to support the verdict); *Flores*, 873 F.3d at 748 (holding that a new trial will be granted "only if the verdict is against the clear weight of the evidence, and not simply because the evidence might have led [the court] to arrive at a different verdict"); *Stewart v. Snohomish Cty. PUC No. 1*, 262 F. Supp. 3d 1089, 1106 (W.D. Wash. 2017) (setting forth elements of claim), *aff'd* 752 Fed. Appx. 449 (9th Cir. 2018).

Dr. Elkharwily's claims of fabricated evidence, false testimony, and "an unconscionable plan [by defense counsel] to defraud the court" are not supported by the record. In an order denying his motion for a new trial, the court rejected these allegations, saying

3

None of what Plaintiff presents in support of this motion rises to the level of a proven lie – or lies – that would justify a new trial. Differences in recollection or opinion do not justify a new trial. There are sharp differences in the evidence in many, if not most, trials, and those differences can usually be attributed to memory differences occurring in good faith rather than to intentional lies.

There is no justification in Plaintiff's moving papers or in the events of the trial that would justify a conclusion that the verdict resulted from intentionally false evidence by Defendant's witnesses.

Not satisfied with the court's ruling, Dr. Elkharwily filed an unsuccessful motion for reconsideration. The court said, "First, the court is <u>not</u> reasonably well satisfied that the testimony given by one or more material witnesses was false. Second, although Plaintiff and Plaintiff's counsel may have been taken by surprise at trial when testimony was different than expected, they had ample opportunity at trial to meet unexpected testimony." (Emphasis in original).

In an order denying his motion for relief from judgment pursuant Rule 60, the court examined these allegation for a third time and determined that Dr. Elkharwily had not shown either intrinsic or extrinsic fraud, misrepresentation, or misconduct by an opposing party, citing Fed. R. Civ. Pro. 60(b)(2)(3). The court also concluded that "none of defense counsel's statements [to the jury] amounted to fraud, misrepresentation, or misconduct." [Id.] As to Dr. Elkharwily's assertions against witnesses, the court said, "The issues about the accuracy and consistency of the testimony of various witnesses over seven days of trial were of the usual kind commonly seen in trials, and there is no showing of any fraud,

4

misrepresentation, or misconduct." [Id.] *See Shimko v. Guenther*, 505 F.3d 987, 993 (9th Cir. 2007).

Upon reviewing the record, we find no error in the court's determinations with respect to counsel's allegations of fraud.

Accordingly, the district court properly exercised its discretion in denying Dr. Elkharwily's motions for a new trial and for relief from judgment under Federal Rule of Civil Procedure 60(b). *See United States v. Chapman*, 642 F.3d 1236, 1240 (9th Cir. 2011) (standard of review). Dr. Elkharwily did not present new evidence that could not, with reasonable diligence, have been discovered earlier. *See Jones v. Aero/Chem Corp.*, 921 F.3d 875, 878 (9th Cir. 1990). Nor did Dr. Elkharwily show that FHS presented fraudulent evidence regarding the availability of other nocturnists to proctor him. *See De Saracho v. Custom Food Machinery, Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).

## II.    Elkharwily II

The district court did not err in dismissing, as barred by res judicata, Dr. Elkharwily's claim under Rule 60(d)(3) of fraud on the court allegedly committed by FHS in Elkharwily I. *See Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (stating requirements for res judicata). The court correctly concluded that there was (1) identity of parties, (2) a final judgment on the merits of the fraud allegations under Rule 60(b) in Elkharwily I, and (3)

5

identity of claims because Dr. Elkharwily's amended complaint in <u>Elkharwily II</u> repeated his allegations of fraud by FHS's counsel.

The district court properly exercised its discretion in imposing a sanction under Rule 11 because Dr. Elkharwily's claim was plainly barred by res judicata and therefore baseless. *See Edgerly v. City & Cty. of S.F.*, 599 F.3d 946, 962-63 (9th Cir. 2010); *Holgate v. Baldwin*, 425 F.3d 671, 675 (9th Cir. 2005).

**AFFIRMED.**