NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CURTIS G. GLAWE, | No. 19-17090 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-01282-JAS |
| v. | |
| CARPENTER, HAZLEWOOD, DELGADO & BOLEN PLC; JAVIER DELGADO; MARK HOLMGREEN; MARK K. SAHL; GREGORY A. STEIN, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted May 6, 2021[**]
Pasadena, California

Before: WARDLAW and GOULD, Circuit Judges, and DONATO,[***] District
Judge.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable James Donato, United States District Judge for the
Northern District of California, sitting by designation.

Curtis G. Glawe ("Glawe") appeals the district court's order granting summary judgment on Glawe's Fair Debt Collection Practices Act ("FDCPA") claim in favor of Appellees and the entry of judgment against him.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we reverse the entry of judgment and remand for further proceedings consistent with this disposition.

In 2009, Glawe and his wife, Lorri Glawe, both Iowa residents, purchased the Mohave Property, a residence located in Buckeye, Arizona.  Neither Glawe nor any member of his family have lived in the home at any time, and they have consistently rented out the Mohave Property.  In their affidavits, the Glawes state that they purchased the Mohave Property, initially intending to use it as a retirement home in ten to twelve years, and that they only decided to rent the house out sometime after they purchased it.  As owners of the Mohave Property, the Glawes are members of the Sundance Residential Homeowners Association, Inc. ("the HOA"), and are subject to the Declaration of Residential Homeowner Benefits and Covenants, Conditions and Restrictions of the Sundance Residential Community ("CC&Rs").  The record also states that the Glawes bought a second

---

[1] Glawe also appeals the denial of his motion to amend the complaint.  Because we reverse and remand with respect to the motion for summary judgment, we do not reach this issue.  Further, we do not reach Glawe's appeal of the district court's denial of his motion for reconsideration of the district court's order granting summary judgment for Appellees. *See Shimko v. Guenther*, 505 F.3d 987, 993 (9th Cir. 2007).

property ("228th Lane Property") within the relevant housing development, and according to the deposition of Curtis Glawe, the Glawes purchased "both of these properties" with the intention of "hav[ing] them occupied by tenants until" the Glawes "were going to move into *one of them*."

The HOA—represented by Appellees, attorneys at the law firm Carpenter, Hazelwood, Delgado, & Boren PLC—twice sued the Glawes in Arizona state court for failure to pay HOA assessments and late fees associated with the Mohave Property. In those suits, the HOA also sought and was awarded court costs and attorneys' fees. Glawe sued Appellees in federal court, alleging that Appellees' attempts to collect the money violated the FDCPA. The district court granted summary judgment in favor of Appellees. The district court concluded that, because there is no genuine dispute that the Mohave Property was a rental property, the obligation associated with the property is commercial, not consumer, in nature. Because the obligation was not consumer in nature, the district court determined that it does not qualify as a "debt" subject to the FDCPA.

The FDCPA applies only to consumer—as opposed to commercial—debt. *Bloom v. I.C. Sys., Inc.*, 972 F.2d 1067, 1068 (9th Cir. 1992). It defines "debt" as: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes

3

. . . ." 15 U.S.C. § 1692a(5). In other words, to establish that the relevant obligation is a consumer debt, Glawe must show that (1) there was an obligation arising out of a transaction; and (2) the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

Appellees urge that we should focus our analysis on the assessments and attorneys' fees incurred after the Glawes purchased the Mohave Property and while they used it as a rental property. However, the "transaction" at issue is the purchase of the Mohave Property itself. *See* 15 U.S.C. § 1692a(5). The Glawes purchased the Mohave Property in 2009 and were at that time subject to the HOA's CC&Rs. The CC&Rs required the Glawes to pay assessments. Appellees' attempts to collect the allegedly late assessments and the related late fees, court costs, and attorneys' fees resulted in this FDCPA case. Under a plain reading of the statutory language, the "obligation" underlying Glawe's FDCPA claim "ar[ose] out of" the purchase of the Mohave Property. *See* 15 U.S.C. § 1692a(5). The relevant inquiry, then, is whether the purchase of the Mohave Property was primarily consumer or commercial in nature. *See In re Cherrett*, 873 F.3d 1060, 1067 (9th Cir. 2017) ("Courts determine the debtor's purpose as of the time the debt was incurred.").

The district court erred in concluding that an obligation associated with a

4

rental property cannot be primarily consumer in nature. To determine whether the transaction was primarily consumer or commercial in nature, the court must "examine the transaction as a whole, paying particular attention to the purpose for which the credit was extended." *Slenk v. Transworld Sys., Inc.*, 236 F.3d 1072, 1075 (9th Cir. 2001) (cleaned up). This determination may be made as a matter of law. *See Bloom*, 972 F.2d at 1069. But a genuine dispute of fact relevant to the inquiry may preclude summary judgment. *See Slenk*, 236 F.3d at 1075.

We reverse the entry of judgment for Appellees and remand with instructions that the district court, after being informed by whatever procedures the district court thinks appropriate, make a factual determination of the true purpose of the Glawes' acquisition of the Mohave Property and the 228th Lane Property.

**REVERSED and REMANDED.**