NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 24 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LELA MCGEE,

Plaintiff-Appellant,

v.

TARGET CORPORATION,

Defendant-Appellee.

No.    23-15978

D.C. No.
2:20-cv-00345-KJD-EJY

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted December 6, 2024
San Francisco, California

Before:  BRESS and FORREST, Circuit Judges, and OHTA,** District Judge.

Lela McGee appeals the district court's denial of a new trial under Federal

Rule of Civil Procedure 59 in her slip-and-fall case against Target Corporation.

Based on its verdict form, the jury found negligence but not causation.  We have

jurisdiction under 28 U.S.C. § 1291.  We review the district court's denial of a

---

*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**    The Honorable Jinsook Ohta, United States District Judge for the
Southern District of California, sitting by designation.

motion for a new trial for abuse of discretion. *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1372 (9th Cir. 1987). "The trial court may grant a new trial only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Shimko v. Guenther*, 505 F.3d 987, 993 (9th Cir. 2007) (quoting *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007)). When, as here, "the basis of a Rule 59 ruling is that the verdict is not against the weight of the evidence, the district court's denial of a Rule 59 motion is virtually unassailable." *Hung Lam v. City of San Jose*, 869 F.3d 1077, 1084 (9th Cir. 2017) (quoting *Kode v. Carlson*, 596 F.3d 608, 612 (9th Cir. 2007)). We affirm.

1.      McGee argues that the verdict is against the clear weight of the evidence because the jury was required to find that Target's negligently maintained "end cap guard" caused her shin injury, even if the jury found Target's negligence had not caused her back injury. We conclude that the district court did not abuse its discretion in concluding that McGee's shin injury was ancillary to her claimed back injury and not affirmatively litigated at trial.

McGee carried the burden to make a prima facie case that she had a compensable leg injury caused by Target's negligence. *See, e.g.*, *Yamaha Motor Co., U.S.A. v. Arnoult*, 955 P.2d 661, 664 (Nev. 1998) ("To establish a prima facie case of negligence or strict tort liability, a plaintiff must satisfy the element of

2

proximate causation.") As the district court observed, at trial the evidence of McGee's shin injury was presented to demonstrate that McGee fell. Both McGee's opening statement and closing argument focused on her back and spinal injuries. Moreover, McGee's medical expert also focused on her back injury, and McGee likewise did not present evidence of compensatory damages related to her shin injury. Although Target acknowledged the cut to McGee's shin during closing arguments, it did so in the context of arguing that there was no material injury to compensate. Target did not concede responsibility for McGee's shin injury. Considered as a whole, the record supports the district court's conclusion that at trial, McGee did not affirmatively litigate that Target should be liable for damages related to McGee's shin injury.

2. Even if McGee had affirmatively litigated her shin injury as a basis for a damages award, we would not conclude that the district court abused its discretion in denying McGee's motion for a new trial.

*First*, the jury could have concluded that McGee failed to prove causation for the leg injury, especially in view of the verdict form. While McGee did sustain a cut, the record does not compel a finding that Target's negligence caused this injury. Not only was there an absence of eyewitnesses to McGee's fall, but video footage did not capture the incident. Moreover, the jury could have discounted McGee's testimony because of concerns about her credibility and the inconsistencies between

3

her account of the fall and the video footage. McGee herself states in her opening brief that, "[a]dmittedly, McGee was a poor witness at trial." Because no one else saw McGee fall, the jury could have concluded that her shin injury did not result from Target's negligence.

*Second*, even if the jury had found that Target's negligence did cause the cut, it could have concluded that McGee suffered no injury warranting compensation. As noted above, the record demonstrates McGee sought compensation for medical expenses and lost wages based on her back and spinal injuries. The hospital report from when she sought treatment noted her ankle was "unremarkable without evidence of fracture, dislocation, or other bony abnormality," and the associated "soft tissues [were] unremarkable." Given the lack of severity of her leg injury, the jury could have further concluded that noneconomic damages, such as pain and suffering, were not warranted.

Of course, as McGee points out, a jury's decision not to award damages for a more major injury does not preclude the award of damages for a more minor injury arising from the same incident. But even if the jury could have awarded damages for the shin injury, it was not required to do so based on this trial record.

**AFFIRMED.**

4